```
                                                            USDC SDNY
                                                            DOCUMENT
UNITED STATES DISTRICT COURT                                ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                               DOC #: _____
------------------------------------------------------------------X DATE FILED: 5/4/2023
                                                        :
LUIS TORO, on behalf of himself and all others similarly :
situated,                                               :
                                                        :        1:23-cv-3731-GHW
                                                        :
                                      Plaintiff,        :
                                                        :        NOTICE OF INITIAL
              -against-                                 :       PRETRIAL CONFERENCE
                                                        :
                                                        :
CLASSICAL INSIGHTS, LLC,                                :
                                                        :
                                      Defendant.        :
                                                        :
------------------------------------------------------------------X
```

GREGORY H. WOODS, District Judge:

This case has been assigned to me for all purposes. It is hereby ORDERED that counsel for all parties participate in an initial pretrial conference ("IPTC") with the Court at the time listed below. All pretrial conferences must be attended by the attorney who will serve as principal trial counsel. Any open legal issues can be addressed at the conference.

All parties are required to register promptly as filing users on ECF. Counsel are further required to review and comply with the Court's Individual Rules of Practice in Civil Cases ("Individual Rules") (available at the Court's website, https://nysd.uscourts.gov/hon-gregory-h-woods).

The following additional orders apply to this case:

1. The date by which Defendant must answer or otherwise respond to the complaint is the date of the IPTC, unless otherwise ordered.

2. No later than **four weeks before the IPTC**, the parties are hereby ORDERED to meet and confer through at least two substantive conversations—over phone, video conference, or in-person—in a good-faith attempt to settle this case. Email communications, while they may be used to supplement these conversations, do not themselves comply with this requirement. To the extent the parties are unable to settle the case themselves, the parties must discuss whether further settlement discussions through the District's court-annexed mediation program or before this case's assigned Magistrate Judge would be helpful.

3. No later than **one week before the IPTC,** the parties are hereby ORDERED to submit via email (WoodsNYSDChambers@nysd.uscourts.gov) a Proposed Civil Case Management Plan and Scheduling Order in PDF format. The parties shall use this Court's form Proposed Case Management Plan and Scheduling Order available at the Court's website (https://nysd.uscourts.gov/hon-gregory-h-woods).

4. No later than **one week before the IPTC**, the parties are hereby ORDERED to submit a joint letter to the Court advising the Court on the status of the case. The letter should

be filed on ECF in accordance with the Court's Individual Rules using the filing event "Letter." The status letter should not exceed six pages and should include the following:

   a. A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;

   b. A brief statement by plaintiff as to the basis of subject matter jurisdiction and venue, and a brief statement by each party as to the presence or absence of subject matter jurisdiction and venue. Statements shall include citations to relevant statutes. In addition, in cases for which subject matter jurisdiction is founded on diversity of citizenship, the parties shall comply with the Court's Individual Rule 2(B)(ii);

   c. A brief description of any (i) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (ii) pending motions, and (iii) other applications that are expected to be made at the status conference;

   d. A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings. (This is narrower than the general scope of discovery stated in Rule 26(b)(1));

   e. A computation of each category of damages claimed, *see* Fed. R. Civ. P. 26(a)(1)(A)(iii);

   f. A statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

   g. A confirmation that the parties have met and conferred consistent with paragraph 2, above, and whether the parties request an immediate referral to either the court-annexed mediation program or the case's assigned magistrate judge; and

   h. Any other information the parties believe may assist the Court in resolving the action.

Should the parties indicate that a referral to the mediation program or a magistrate judge would be beneficial, the Court will ordinarily refer the case immediately to either the mediation program or a magistrate judge (consistent with the parties' stated preference) and adjourn the IPTC for sixty days or until the parties notify the Court that settlement efforts have failed, whichever is earlier.

If this case has been settled or otherwise terminated, counsel are not required to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on ECF in accordance with ECF Rule 13.19 prior to the date of the conference.

Any request for an extension or adjournment shall be made only by letter as provided in Individual Rule 1(E) and must be received at least two business days before the deadline or conference. Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

Counsel who have noticed an appearance as of the issuance of this order are directed (i) to notify all other parties' attorneys in this action by serving upon each of them a copy of this order and the Court's Individual Rules forthwith, and (ii) to file proof of such notice with the Court. If unaware of the identity of counsel for any of the parties, counsel receiving this order are directed (i) to serve a copy of this order and the Court's Individual Rules upon that party, and (ii) to file proof of such service with the Court.

**DEADLINE TO MEET AND CONFER CONSISTENT WITH PARAGRAPH 2, ABOVE: July 27, 2023.**

**DUE DATE OF JOINT LETTER and PROPOSED CASE MANAGEMENT PLAN: August 17, 2023.**

**DATE AND TIME OF CONFERENCE: August 24, 2023, at 3:00 p.m.** The conference will be conducted by telephone. The parties are directed to the Court's Individual Rules of Practice in Civil Cases, which are available on the Court's website. Rule 2 of the Court's Individual Rules contains the dial-in number for the conference and other relevant instructions. The parties are specifically directed to comply with Rule 2(B) of the Court's Individual Rules.

SO ORDERED.

Dated: May 4, 2023  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge